UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jeanelle M. Walker,<br><br>    Plaintiff,<br><br>versus<br><br>Michael Astrue,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-09-207 |

## Opinion on Summary Judgment

1.    *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Jeanelle M. Walker is not disabled under the Social Security Act. It does.

Under 42 U.S.C. § 405(g), Walker brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits. Both sides have moved for summary judgment.

2.    *Standard of Review.*

Judicial review is limited to determining whether the record has substantial evidence to support the commissioner's decision and whether the commissioner applied the proper legal standards to evaluate the evidence. See *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 282 (5th Cir. 1992).

A decision unsupported by substantial evidence must be overturned. Substantial evidence is a level of proof that a reasonable mind might accept as adequate to support a conclusion. See *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V.

3.  *The Statutory Criteria.*

A claimant is not entitled to disability insurance unless she is unable to work due to a medically determinable impairment that has lasted for at least twelve months. 42 U.S.C. § 423 (d)(1)(A). A claimant who is not engaged in substantial gainful activity and has a severe impairment listed in Appendix 1 of the regulations is considered disabled. 20 C.F.R. 404.1520(d), 404.1525, and 404.1526. Otherwise, the commissioner evaluates the claimant's residual functional capacity to work by considering the limiting effects of any medically determinable impairments. 20 C.F.R. § 404.1520(e). Where medical evidence does not corroborate these limitations, the commissioner must assess the credibility of the claimant's statements. *See* 20 C.F.R. § 404.1529(c). If the claimant has the capacity to perform her past relevant work, she is not considered disabled. 20 C.F.R. § 404.1520(f). If not, the commissioner must show that the claimant can do other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1512(g) and 404.1560(c).

If the claimant cannot meet the demands of work at a certain level of exertion, the Medical-Vocational Guidelines in Appendix 2 of the regulations can be used as a framework for decision-making. To determine whether a claimant can adjust to other work, the hearing officer must consider the claimant's functional capacity, age, education, and work experience using the Guidelines; these rules direct a "disabled" or "not disabled" conclusion. 20 C.F.R. § 404, Supart P, App 2.

4.  *Evidence.*

   A.  *Disability.*

Jeannelle Walker is a 53-year-old woman who has a heart condition, high cholesterol, depression, and anxiety. Although she had heart surgery in 2004 and took medication for high cholesterol before 2006, she testified that these conditions first interfered with her ability to work on October 8, 2006. This was the day she was fired from her job as a hotel-laundry attendant.

That month, Luis Granier, M.D., wrote that Walker had normal ventricular functions, her neurologic examination was within normal limits, and her chest x-ray was within normal limits.

In April of 2007, a chest x-ray showed that Walker was within the normal range. When she visited Farheen Khan, M.D., in September of 2007, she had normal results from an

electrocardiogram. She also had a normal heart rate and blood pressure, considering the medicine she was taking.

Although Khan reported in October of 2007 that Walker had hypertension, hyperlipidemia, and coronary artery disease, he said her blood pressure, depression, and anxiety were under control.

Walker now claims to have pain in her arms, legs, shoulders, and chest. She says that she has not been able to find work since 2006 because she cannot lift more than ten pounds. She concedes that she will no longer try to find work.

Her overall medical condition might cause some restrictions, but her condition is not, as her doctors reported, as limited as she indicated.

B. Other Work.

The hearing officer considered the findings of a vocational specialist who testified that Walker could do light work like being a ticket taker, electronics worker, and other assembler. She testified that Walker's past work was medium-level, unskilled and that her current abilities are light-level, unskilled. Walker (a) can do light-exertion work including lifting 20 pounds occasionally and ten pounds frequently, (b) can walk, stand, or sit four hours in an eight-hour work day, and (c) can climb, kneel, crouch, or crawl occasionally; on these facts, the hearing officer concluded that she is not disabled.

In the SSA-3368 Disability Report, Walker responded that she can speak, read, and understand English. She also said that she can write more than her name in English. In February of 2007, she hand-wrote a Daily Activity Questionnaire and indicated that she had completed the form.

Walker argues that she is disabled because she cannot do her past, medium-level work; she says she cannot do other work because she is disabled under the Medical-Vocational Guidelines. In the Guidelines, Rule 202.09 says that a person is disabled if she is closely approaching advanced age (age 50-54), illiterate, and unskilled. Although Walker falls into the age category and is an unskilled worker, she is not illiterate.

Because Walker is literate, the hearing officer's use of Rule 202.10 was correct. It says that a person is not disabled if she is closely approaching advanced age, is literate and able to communicate in English, and is unskilled.

5. *Conclusion.*

The commissioner's denial of Walker's claim for disability insurance benefits is supported by substantial evidence. It will be affirmed.

Signed on December 23, 2009, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge